UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KENNETH S. LANCASTER, ) | CASE NO. 5:12 CV1453 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| QUEST RECOVERY AND ) | |
| PREVENTION SERVICES, ) | |
| ) | |
| Defendants. ) | |

Before the Court is *pro se* Plaintiff Kenneth S. Lancaster's above-captioned *in forma pauperis* Complaint naming Quest Recovery and Prevention Services ("Quest Recovery") as Defendant. He claims the Defendant "violated his rights" and breached an independent contractor agreement in which the parties entered. He seeks to recover $250,000.00 in compensatory damages.

*Background*

Mr. Lancaster is an Ohio resident who was hired on January 18, 2011, to work as an independent contractor for Quest Recovery of Canton, Ohio. At the time Mr. Lancaster was hired, the parties signed an agreement that allegedly required Quest Recovery to provide training and employment for Mr. Lancaster. While employed with Quest Recovery, Mr. Lancaster planned to

complete the requisite number of hours to obtain his "License Chemical Dependency Counsel II." Quest Recovery allegedly agreed to sponsor him to achieve that goal.

Instead, Mr. Lancaster claims "his rights were violated according to the contract." (Compl. at 2.) As an example, he complains he was transferred to work in an out-patient facility which was not a term in his contract. Even after the transfer, Quest Recovery allegedly failed to provide a job description, training or inform Mr. Lancaster of the company's productivity goals. He asserts simply that he was the "only Afro-American counselor (CDCA) Chemical Dependency Counselor Assistant doing assessments for the outpatient facility." (Compl. at 2.)

The contract allegedly stated Mr. Lancaster would be compensated at a rate of $13.00 per hour for up to 32 hours per week as a Consultant. He complains, however, that he worked "up to 70 to 90 hours each pay period."[1] There is no allegation that he was not compensated at the rate upon which the parties agreed.

On or about January 3, 2012, Quest Recovery terminated Mr. Lancaster's employment with the company. He argues the decision was in breach of his independent contractor agreement. Under the terms of their agreement, Mr. Lancaster notes that he was required to perform all work at "the highest professional standard and . . . to the Agency's reasonable satisfaction." (Compl. at 3.) Mr. Lancaster argues that his status as an Independent Contractor, unlike an employee or agent, only required him to "warrant[] and represent[] that [he] complied with all federal, state laws regarding any permits or licenses that may be required for [him] to perform the work as set forth in this agreement." (Compl. at 3.) As such, he asserts he fulfilled the performance qualifications agreed to in the contract. In spite of this, he alleges Quest Recovery intentionally and deliberately sought

---

[1] Mr. Lancaster does not state whether he was paid on a weekly or bi-weekly basis.

to prevent him from receiving his "License Chemical Dependency Counsel II" by allegedly unlawful termination without cause. Quest Recovery allegedly further violated Mr. Lancaster's rights by "encouraging him to attend Stark State College to continue his contract agreement with Quest Recovery & Prevention Services." (Compl. at 2.)

Mr. Lancaster attaches a copy of a Notice of Right, dated April 4, 2012, from the Equal Employment Opportunity Commission (E.E.O.C.) He does not state the basis upon which he filed E.E.O.C. charges against Quest Recovery.

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

### *Federal Jurisdiction*

"'Federal courts are courts of limited jurisdiction.'" *Am. Telecom Co., L.L.C. v. Republic of Leb.*, 501 F.3d 534, 539 (6th Cir. 2007) (quoting *Ins. Corp. of Ir., Ltd. v. Co. des Bauxites de*

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Guinee*, 456 U.S. 694, 701(1982)). The jurisdiction of federal district courts is confined by Article III of the United States Constitution and is "further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id*. (quoting *Ins. Corp. of Ir.*, 456 U.S. at 701). It is the plaintiff's burden to prove that the court has jurisdiction over the subject matter. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)).

Mr. Lancaster's first cause of action, "Violation of Rights," does not assert any basis for federal jurisdiction. The mere recitation of a basis for jurisdiction by a party is not controlling; instead, the court must look to the true nature of the action. *See Williams v. Secretary of the Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986). The consistent injury about which Mr. Lancaster complains is Quest Recovery's alleged failure to comply with the terms of their agreement. Without addressing it on the merits, these allegations fall more closely within the parameters of his state law contract breach claims.

This Court is without authority, even in the interests of justice, to extend its jurisdiction beyond the congressional mandate. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988). "Although often effecting a seemingly harsh result, courts cannot disregard jurisdictional requirements established by Congress out of sympathy for particular litigants." *Butler v. Derwinski*, 960 F.2d 139, 141 (Fed. Cir. 1992); *see Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."). When jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

Other than his potential state law claims of contract breach, Mr. Lancaster's "Violation of Rights" claims fail to establish this Court's subject matter jurisdiction. Because this Court lacks

original jurisdiction over his complaint, it will decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a).

### *Conclusion*

Based on the foregoing, Mr. Lancaster's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is **granted**. The Complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims Mr. Lancaster may seek to pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 6/28/12
/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE